UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

UNITED STATES OF AMERICA : Criminal No. 09-141

: Filed:

v.

: Violation: 18 U.S.C. § 371

NATIONAL INDUSTRIAL SUPPLY, LLC
and VICTOR BOSKI, :

Defendants. :

---

## PLEA AGREEMENT

The Antitrust Division of the United States Department of Justice and the defendants, Victor Boski ("Boski") and National Industrial Supply, LLC ("NIS"), hereby enter into the following Plea Agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

1. Boski and NIS will waive indictment pursuant to Fed. R. Crim. P. 7(b) and plead guilty in the United States District Court of New Jersey to a one-count Information, in the form attached, in which each is charged with one count of violating 18 U.S.C. § 371 for conspiring from approximately December 2000 until approximately September 2004, with the objectives of (1) defrauding the United States Environmental Protection Agency ("EPA") and committing offenses against the United States by providing and attempting to

provide kickbacks to CC-1 and CC-2 at the Federal Creosote Superfund Site in Manville, New Jersey ("Federal Creosote") by including the amount of the kickbacks in the sub-contract prices charged to P-C, thereby causing P-C to charge those inflated prices to the EPA and the United States, in violation of 41 U.S.C. §§ 53(1) and (3); and (2) executing a scheme to defraud the EPA and Tierra Solutions, Inc. through the use of the United States mails at Federal Creosote and at the Diamond Alkali Superfund Site in Newark, New Jersey ("Diamond Alkali"), in violation of 18 U.S.C. § 1341.

## DEFENDANTS' COOPERATION

2. Boski and NIS will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the award of sub-contracts to supply industrial pipes, valves and fittings at Federal Creosote and Diamond Alkali, as well as any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively referred to herein as "Federal Proceeding"). The ongoing, full, and truthful cooperation of Boski and NIS shall include, but not be limited to:

(a) Boski and NIS agree to produce to the United States all documents, information, and other materials, including claimed personal documents, in the possession, custody, or control of Boski and/or NIS that may be requested by the United States in connection with any Federal Proceeding;

2

(b) Boski agrees to make himself available for interviews with the attorneys and agents of the United States, not at the expense of the United States, at the New York Office of the Antitrust Division, or at other mutually-agreed upon locations, upon the request of attorneys and/or agents of the United States;

(c) Boski agrees to bring to the attention of the United States all crimes which he has committed, and all administrative, civil, and/or criminal proceedings, investigations, or prosecutions in which he, to his knowledge, is or has been a subject, target, party, or witness;

(d) Boski agrees to respond fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e) Boski and NIS agree to otherwise voluntarily provide to the United States any materials or information, not requested in (a) - (c) of this paragraph, that is related to any Federal Proceeding;

(f) Boski, when called upon to do so by the United States in connection with any Federal Proceeding, will testify in grand jury, trial, and other judicial proceedings fully, truthfully and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

        (g) Boski and NIS agree to commit no further crimes whatsoever.

3.     Boski agrees that prior to the date of sentencing, he shall file accurate amended tax returns on behalf of NIS (United States Income Tax Returns for a Limited Liability Company), and himself (United States Individual Tax Returns, Form 1040), for the calendar years 2001 through 2007 and will pay, or will enter into an agreement to pay, past taxes due and owing by him to the Internal Revenue Service, including interest and applicable civil fraud penalties, on such terms and conditions as will be agreed on by the Internal Revenue Service and him. In addition, Boski will not contest the applicability of civil fraud penalties and agrees not to file any claims for refund of taxes, penalties or interest for amounts attributable to the returns filed incident to this Agreement.

4. Boski and NIS agree that 30 days prior to the date of sentencing they will have $60,000 in liquid assets in an escrow account controlled by their attorney. The United States and the defendants agree to recommend to the Court that the funds in the escrow account be used only to satisfy any fine or restitution that Boski and NIS are sentenced to pay. Boski and NIS acknowledge, however, that the Court may sentence them to pay fines and restitution totaling more than the amount in the escrow account. The United States and the defendants also agree that if the funds in the escrow account exceed the amount of fines and restitution Boski and NIS are sentenced to pay, they will seek the Court's permission to return the remainder to them.

5. Boski and NIS agree that within 30 days of Boski and NIS signing this agreement they will pay, or will enter into an agreement to pay, $150,000 to the New York Power Authority.

## GOVERNMENT'S AGREEMENT

6. Subject to the full, truthful, and continuing cooperation of the defendants, as described in Paragraph 2 of this Agreement and upon the Court's acceptance of their guilty pleas called for by this Plea Agreement, the Antitrust Division will not bring further criminal charges against Boski or NIS for any act or offense committed prior to the date of this Agreement that was in furtherance of: (a) a conspiracy to inflate invoices and provide kickbacks to CC-1 and CC-2 to influence the award of sub-contracts at Federal Creosote; (b) a conspiracy to inflate invoices and provide kickbacks to CC-1 and CC-2 to influence the award of sub-contracts at Diamond Alkali; and (c) fraudulently inflating invoices and providing kickbacks to a purchasing official at the New York Power Authority for the years 2003 through 2007. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax and securities laws, or to any crime of violence.

7. It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice. However, if requested, the Antitrust Division will bring the fact, manner and extent of the cooperation of Boski and/or NIS to the attention of

other prosecuting, administrative, and other agencies as a matter for such agencies to consider as appropriate.

## POSSIBLE MAXIMUM PENALTIES

8. NIS understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of 18 U.S.C. §371 is a fine in an amount equal to the greatest of:

(a) $500,000 (18 U.S.C. §3571(c)(3)); or

(b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571 (c) and (d)).

9. In addition, NIS understands that:

(a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) pursuant to U.S.S.G. § 8B1.1, 18 U.S.C. § 3563(b)(2) or § 3663A, the Court shall order it to pay restitution to the victims of the offense; and

(c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order NIS to pay a $400 special assessment upon conviction for the charged crime.

10. Boski understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of 18 U.S.C. § 371 is:

(a) a term of imprisonment of not more than five (5) years;

(b) a fine of not more than the greater of $250,000, or the greater of twice his gross pecuniary gain from the offense or twice the victim's gross pecuniary loss from the offense; or

(c) both such sentences; and

(d) a term of supervised release of no more than three (3) years following any term of imprisonment pursuant to 18 U.S.C. § 3583(b)(2) and U.S.S.G. § 5D1.2(a)(2). Pursuant to 18 U.S.C. § 3583(e)(3), if the defendant violates any condition of supervised release, he could be imprisoned up to two (2) years.

11.  Boski also understands that:

(a) the Court shall impose an order of restitution, pursuant to 18 U.S.C. § 3663A and U.S.S.G. § 5E1.1; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

12.  Boski and NIS understand that the United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing a sentence. Boski and NIS understand that the Sentencing Guidelines determinations will be made by the Court by a preponderance of the evidence standard. Boski and NIS understand that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines

7

range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendants provide to the United States pursuant to this Agreement will not be used in determining the defendants' applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

13. Boski and NIS understand that the sentences to be imposed on them are within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. The defendants acknowledge that the entry of their guilty pleas to the charged offenses authorizes the sentencing court to impose any sentence up to and including the statutory maximum sentence. The United States cannot and does not make any promises or representations as to what sentence the defendants will receive. The defendants understand that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the sentencing recommendation of any party, the defendants nevertheless have no right to withdraw their pleas of guilty. The United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of the defendants' activities with respect to this case, and all other activities of the defendants which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of the defendants' cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by the defendants both prior and subsequent to the signing

of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offenses charged in the attached Information, the participation of the defendants therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of the defendants, and to supply any other information that the Court may require.

14. If the United States determines that NIS has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion pursuant to U.S.S.G. § 8C4.1 to recommend a downward departure for the substantial assistance NIS provided to the United States. The United States and NIS further agree that the fine to be imposed is within the sole discretion of the sentencing judge, but that the Court must consider the factors set forth in U.S.S.G. § 8C3.3(b) in determining NIS's ability to pay a fine. The United States and NIS are free to recommend or argue for any specific sentence to the Court.

15. If the United States determines that Boski has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion, pursuant to U.S.S.G. § 5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting the Court to sentence Boski in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5), and thus impose, in the Court's discretion, a sentence below the applicable Sentencing Guidelines


ranges for incarceration and fine. The United States and Boski are free to recommend or argue for any specific sentence to the Court.

16. Boski and NIS understand that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to reduction or modification of sentence.

17. Boski and NIS acknowledge that the decision whether they have provided substantial assistance in any Federal Proceeding is within the sole discretion of the United States. It is understood that should the United States determine that the Boski and NIS have not provided substantial assistance in any Federal Proceeding, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. §§ 8C4.1 and 5K1.1, but will not entitle Boski and/or NIS to withdraw their guilty plea once it has been entered. Boski and NIS further understand that whether or not the United States files its motions pursuant to U.S.S.G. §§ 8C4.1 and 5K1.1, the sentence to be imposed on them remains within the sole discretion of the sentencing judge.

## **REPRESENTATION BY COUNSEL**

18. Boski and NIS have reviewed all legal and factual aspects of this case with their attorney and are fully satisfied with their attorney's legal representation. Boski and NIS have thoroughly reviewed this Agreement with their attorney, and have received satisfactory explanations from their attorney concerning each paragraph of this Agreement and alternatives available to them other than entering into this Agreement. After conferring

with their attorney and considering all available alternatives, Boski and NIS have made a knowing and voluntary decision to enter into this Agreement.

## VOLUNTARY PLEA

19. The defendants' decisions to enter into this Agreement and to tender pleas of guilty are freely and voluntarily made and are not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to the defendants as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

20. Boski and NIS agree that should the United States determine in good faith that Boski and/or NIS have given false, misleading, or incomplete information or testimony, or that Boski and/or NIS have otherwise failed to fulfill any of the obligations set out in this Agreement, the United States shall notify counsel for Boski and NIS in writing by personal or overnight delivery or facsimile transmission of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and Boski and/or NIS will be subject to prosecution for any federal criminal violation of which the United States has knowledge, including but not limited to the substantive offenses relating to the investigation resulting in this Agreement. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

21.  Boski and NIS understand and agree that in any further prosecution of them resulting from the release of the United States from its obligations under this Agreement based on the defendants' violation of the Agreement, any documents, statements, information, testimony, or evidence provided by them to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against them in any such further prosecution. In addition, the defendants unconditionally waive their right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## **ENTIRETY OF AGREEMENT**

22.  This Agreement constitutes the entire agreement between the United States and the defendants concerning the disposition of the criminal charges contained in this case. This Agreement cannot be modified except in writing, signed by the parties.

23.  The undersigned is authorized to enter this Agreement as evidenced by the Resolution of the Board of Directors of NIS attached to, and incorporated by reference in, this Agreement.

24.  The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Agreement on behalf of the United States.

Dated: March 4, 2009

_____
VICTOR BOSKI
for himself and
for NATIONAL INDUSTRIAL
SUPPLY LLC

_____
RAYMOND M. BROWN, ESQ.
Counsel for
VICTOR BOSKI

_____
JEAN D. BARRETT, ESQ.
Counsel for
NATIONAL INDUSTRIAL
SUPPLY, LLC

_____
JEFFREY D. MARTINO

_____
ELIZABETH PREWITT

_____
HELEN CHRISTODOULOU
Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
(212) 264-0653

13